IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH MUNDY, §<br>   *Plaintiff* §<br>§<br>vs. §<br>§<br>BRIAN BIRCH, MACTECH INC., and §<br>BEVEL TECH GROUP, INC. §<br>   *Defendants* § | Civil Action No. _____ |

### DEFENDANTS' NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Brian Birch, MacTech, Inc., and Bevel Tech Group, Inc. remove to this Court the civil action now pending in the 11th Judicial District Court of Harris County, Texas, *Kenneth Mundy v. Brian Birch, MacTech Inc., Bevel Tech Group, Inc.*, Cause No. 2022-82217, on the following ground:[1]

### PROCEDURAL HISTORY: TIMELINESS OF REMOVAL

1. Plaintiff is Kenneth Mundy. (Ex. A-2 at 1)

2. Brian Birch is a Defendant. (*Id.*)

3. MacTech, Inc. is a Defendant. (*Id.*)

4. Bevel Tech Group, Inc. is a Defendant. (*Id.*)

---

[1] Defendants will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction. A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83–84 (2014); *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

1

5. On December 9, 2022, Defendants' attorney, Joseph Andrew Love, notified counsel for Plaintiff Kenneth Mundy that Defendants consent to accepting service of process. (*See* Ex. A-1)

6. Plaintiff Kenneth Mundy sued Defendants in Harris County, Texas on December 20, 2022. (*See* Ex. A-2.) The District Clerk of Harris County assigned this case Cause Number 2022-82217 and assigned it to the 11th Judicial District Court. (*See id.*)

7. Defendants were served via email with the summons and petition and accepted service on December 20, 2022. (*See* Ex. A-3)

8. Plaintiff Kenneth Mundy and Defendants agreed to a 30-day answer deadline for Defendants, making Defendants' Answer to Plaintiff's Original Petition due on January 19, 2023. (*See* Ex. A-4)

9. Defendants file this notice of removal within the 30-day deadline required by 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding the 30-day deadline runs immediately following service of the summons and complaint if served together).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**I.   Diversity removal jurisdiction requires complete diversity, an amount in controversy, and timely filing.**

10. To establish diversity removal jurisdiction, a defendant must establish three elements: (1) complete diversity exists between all the properly joined parties; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) removal is timely. 28 U.S.C. §§ 1332(a), 1441(b), 1446(b). Defendants meet this burden.

**II.     Defendants satisfy all three requirements for diversity removal.**

    **A.     Complete diversity exists between Plaintiff Kenneth Mundy and Defendants.**

11. When diversity jurisdiction exists over a lawsuit, the parties to the suit must be completely diverse. *Id.* § 1332(a)(1). A plaintiff cannot be a citizen of the same state as any defendant. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

12. A district court assesses an individual's citizenship by finding the states where the person is domiciled—meaning where a person establishes a fixed habitation or abode, intending to remain permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248–50 (5th Cir. 1996).

13. A district court determines the citizenship of a corporation "by the state in which it is incorporated and the state of its principle place of business, which is the state in which the corporation's nerve center is located." *Trafigura AG v. Enter. Products Operating LLC*, 995 F. Supp. 2d 641, 644 (S.D. Tex. 2014) (citing 28 U.S.C. § 1332(c)(1)).

14. "Plaintiff, Kenneth Mundy, is an individual who is a resident of Texas." (Ex. A-2 ¶ 2.1)

15. Defendant Brian Birch is an individual who is a resident of and domiciled in Louisiana, where he resides at 17626 Hooper Road, Greenwell Springs, Louisiana 70739. (*See id.* ¶ 2.2)[2]

---

[2] In what appears to be a typographical error, in the previous sentence of his petition, Plaintiff alleges Defendant Brian Birch is a resident of Texas. *See* Ex. A-2 ¶ 2.2.

16. Defendant Bevel Tech Group, Inc, a foreign for-profit corporation that is incorporated in Louisiana with its registered office located in Louisiana at 4030 Bowden Road Geismar, Louisiana. (*See id.* ¶ 2.3)

17. Defendant MacTech, Inc. is a foreign for-profit corporation that is incorporated in Minnesota with its registered office located in Minnesota at 4079 Pepin Ave., Suite 4, Red Wing, Minnesota 55066-1820. (*See id.* ¶ 2.3)

18. Because Kenneth Mundy is a citizen of Texas, Defendant Brian Birch and Defendant Bevel Tech Group, Inc. are citizens of Louisiana, and Defendant MacTech, Inc. is a citizen of Minnesota, complete diversity exists. See 28 U.S.C. § 1332(a)(1).

**B.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs.**

19. A defendant has the burden of proof to establish that the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* § 1332(a). If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000, a defendant can rely on that demand to meet the jurisdictional requirement. *Id.* § 1446(c)(2).

20. Plaintiff Kenneth Mundy alleges in his petition that he "seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00." (Ex. A-2 ¶ 6.1) Defendants rely on Plaintiff Kenneth Mundy's demand, which is substantially more than $75,000, excluding interest and costs. *See* 28 U.S.C. § 1446(c)(2). Therefore, Defendants meet its burden of proof on the amount-in-controversy requirement. *See id.* § 1332(a).

### C. The Notice of Removal is timely.

21. A defendant must file a notice of removal within 30 days of receiving the initial pleading. *Id*. § 1446(b)(1). If a party serves its summons and petition together, the 30-day removal period begins immediately. *Murphy Bros.*, 526 U.S. at 354; *see id*. If the lawsuit is not removable when first filed but becomes removable later, the defendant can still remove to federal court so long as the defendant files the notice of removal within one year after the lawsuit's commencement. 28 U.S.C. § 1446(c)(1).

22. Thirty days from the date of service (December 20, 2022) is January 19, 2023, the date Defendants filed this Notice of Removal. Therefore, Defendants have filed this Notice of Removal no later than 30 days after Plaintiff Kenneth Mundy served Defendants with his petition. (*See* Ex. A-3) Defendants also filed this Notice of Removal within one year of the commencement of this action (December 20, 2022). (*See* Ex. A-2) Therefore, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

### DEFENDANTS SATISFY PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

23. This Court has diversity jurisdiction under 28 U.SC. §§ 1332(a), 1441, and 1446 because there is diversity of citizenship between Plaintiff Kenneth Mundy and Defendants, the amount in controversy exceeds $75,000 (exclusive of interest and costs), and Defendants timely filed this Notice of Removal.

24. As required by 28 U.S.C. § 1446(a), Defendants attach to this Notice as Exhibit A copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 11th Judicial District Court of Harris County, Texas. (*See* Ex. A)

25. Harris County, Texas, is located within the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). Venue for this action is proper in this Court because the Southern District of Texas, Houston Division, is the district and division embracing the place where such action is pending. *See id.* § 1441(a).

26. Immediately after filing this Notice of Removal, Defendants will serve Plaintiff Kenneth Mundy's counsel written notice of the filing as required by 28 U.S.C. § 1446(d).

27. Defendants will also promptly file a notice of this Notice of Removal and a copy of this Notice with the Harris County District Clerk's office as required by 28 U.S.C. § 1446(d).

28. Defendants attach as exhibits to this Notice of Removal all executed process in this case, pleadings asserting the cause of action, all orders signed by the state judge, the docket sheet, an index of matters being filed, and a list of all counsel of record as required by this Court's Local Rule 81.

29. Defendants' counsel signs this Notice according to Federal Rule of Civil Procedure 11(a), as indicated by the "/s/ Joseph Andrew Love" on the signature block below.

30. Defendants Brian Birch, MacTech, Inc., and Bevel Tech Group, Inc. consent to the removal of this case to federal court.

## CONCLUSION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, Defendants Brian Birch, MacTech, Inc., and Bevel Tech Group, Inc., give notice that the matter bearing Cause Number 2022-82217 in the 11th Judicial District Court in Harris County, Texas, is removed to the United States District Court for the Southern District of Texas, Houston Division. Defendants ask this Court to retain jurisdiction for all further proceedings in this matter.

    Respectfully submitted,

    */s/ Joseph Andrew Love*
    Joseph Andrew Love
    State Bar No. 24007571
    Emily C. Freeman
    State Bar No. 24126741
    WRIGHT CLOSE & BARGER, LLP
    One Riverway, Suite 2200
    Houston, Texas 77056
    Telephone: (713) 572-4321
    Facsimile: (713) 572-4320
    love@wrightclosebarger.com
    freeman@wrightclosebarger.com

    **ATTORNEYS FOR DEFENDANTS**
    **BRIAN BIRCH, MACTECH, INC., AND**
    **BEVEL TECH GROUP, INC.**

## **CERTIFICATE OF SERVICE**

On January 19, 2023, I caused this document to be filed with the Court's Electronic Case Filing system. Service of this document on known Filing Users will be automatically accomplished through the Notice of Electronic Filing.

*/s/ Joseph Andrew Love*
Joseph Andrew Love